UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH USUNUBU ALUYA,<br><br>    Plaintiff,<br><br>    v.<br><br>MANAGEMENT & TRAINING CORPORATION and JOHN DOES 1-9,<br><br>    Defendants. | Case No.: 1:13-cv-01345 - AWI - JLT<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY WITHOUT PREJUDICE<br><br>(Doc. 14) |

Defendant Management & Training Corporation ("MTC" or "Defendant") seeks the entry of a stay in this action. (Doc. 14.) Plaintiff Joseph Usunubu Aluya filed his opposition to the motion to stay on October 9, 2013 (Doc. 16), to which Defendant filed a reply on November 1, 2013. (Doc. 17.) The Court determined the matter was suitable for decision without oral arguments, and the motion was taken under submission pursuant to Local Rule 230(g) on November 6, 2013. (Doc. 18.) For the following reasons, Defendant's motion for a stay is **DENIED**.

I.     **Background and Procedural History**

Plaintiff initiated this action by filing a complaint against MTC on August 22, 2013. (Doc. 1.) Plaintiff alleges MTC held a contract with the United States of America to operate Taft Correctional Institution, and MTC's "officers, agents and/or employees negligently and recklessly exposed the Plaintiff to the potentially deadly disease known as Coccidioidomycosis (also known as "Valley Fever", "San Joaquin Valley Fever", and "Cocci")" at the correctional facility. (Doc. 1 at 2, ¶ 2.)

According to Plaintiff, MTC was "on notice of the risk of harm from cocci and failed to take actions to protect Plaintiff from that harm." (*Id.* at 6, ¶ 16.) Specifically, Plaintiff alleges:

> [He] was not provided any special protective breathing masks or other devices, and to his knowledge there was no special air conditioning equipment employed by the facility to filter out the dust occurring in the local environment. Nor was there any prohibition of outdoor activities during dusty conditions. Nor was anything done to keep the dust that forms that basis of the facility covered with grass or shrubs. Nor was that dust ever watered down or oiled down. Nor were inmates kept inside during windy conditions. As a result of these errors, Plaintiff contracted Cocci.

(*Id.* at 11-12, ¶ 40.) Plaintiff reports he was diagnosed with Valley Fever on shortly after April 8, 2011, and alleges that "[a]s a result of [the] valley fever infection, Plaintiff will require lifetime medical supervision, treatment, and in all likelihood, medication. (*Id.* at 12, ¶¶41, 45.)

Plaintiff asserts he has made an administrative claim against the Government that is currently pending and, "in the event that [his] claim is not resolved, [he] may move to add the USA as a party to this action." (Doc. 1 at 3, ¶5.)

Defendant MTC filed its answer to Plaintiff's complaint on September 19, 2013. (Doc. 11.) MTC filed the motion to stay now pending before the Court on September 19, 2013, asserting the matter should be stayed pending resolution of Plaintiff's claim against the Government. (Doc. 14.)

## II.     Legal Standards

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are: (1) the possible damage from the granting of a stay; (2) the hardship or inequity a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay; (4) " the interests of the plaintiffs in proceeding expeditiously with this litigation;" and (5) "the convenience of the court in the management of its cases and the efficient use of judicial resources." *Id.*; *Fed Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989).

The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S.

681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The decision whether to grant or deny a stay is committed to the Court's discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

### III.     Discussion and Analysis

Defendant observes that this action "is one of six related lawsuits brought by plaintiff's counsel against Taft," and that "Plaintiff's counsel has filed nearly-identical litigation in this district in the related cases *Edison v. United States of America*, et al., 1:12-cv-2026, and *Nuwintore v. United States of America*, et al., 1:13-CV-00967." (Doc. 14 at 3, 4.) The Government was identified as a defendant in both *Edison* and *Nuwintore*, but has not been named as a defendant in the remaining related cases. Defendant notes the plaintiffs in *Edison* and *Nuwintore* alleged "[the] USA retained control over policy-implementation, including policies developed to address the Coccidioidomycosis" and "MTC was obligated to implement all of the USA and/or BOP's policies." (Doc. 14 at 5.) Based upon the allegations in *Edison* and *Nuwintore*, Defendant asserts "there is good reason to believe that plaintiff will name USA as a defendant after the federal tort claim process has completed, and that the claims between USA and MTC will be interrelated." (*Id.*) Defendant concludes a stay is appropriate "to ensure that all parties which plaintiff intends to litigate are brought into the case" and "to conserve both judicial economy and the parties' resources and to avoid duplication of discovery." (*Id.* at 4, 5.)

On the other hand, Plaintiff argues a stay should not be entered in this action pending resolution of his administrative claim against the Government. Plaintiff asserts he "wishes to resolve this claim as expeditiously as possible," and that "[i]t is not certain that [he] will bring a claim against the USA." (Doc. 16 at 3, 4.) Plaintiff observes, "the Court granted a motion to dismiss brought by the United States of America" in *Edison*, and as a result it is not certain that a claim against the Government would stand. (*Id.* at 2, 4.) According to Plaintiff, "MTC has not identified how the stay would contribute to the convenience of the court or how it would make the use of judicial resources more efficient." (*Id.* at 4.) He observes MTC fails to "identify what discovery or litigation would be duplicative" or "any burden MTC will experience in the absence of a stay." (*Id.* at 4, 5.) Therefore, Plaintiff contends

1   MTC's motion to stay the action should be denied.

2       In reply, Defendant again asserts that "allowing this case to proceed before the USA officially
3   becomes a party would cause duplicative discovery and litigation." (Doc. 17 at 2.) Specifically,
4   Defendant asserts: "The depositions of plaintiff, Warden Benov, and plaintiff's medical providers
5   would be taken twice. Expert discovery, including expert disclosures and depositions of the parties'
6   experts, would not only need to be repeated, it would also be complicated." (*Id.*) Further, Defendant
7   asserts that, "[a]lthough Plaintiff speculates [the Government]…has most of the discovery it would
8   need from *Fekrat v. USA*, et. al. 2:13-cv-00594-MMM-PJW, this case is not identical to *Fekrat*." (*Id.*)
9   Defendant observes the plaintiffs "have unique medical histories, were incarcerated at Taft
10  Correctional Institute at different times, and have different characteristics which impact whether each
11  plaintiff is at higher risk for developing the disseminated form of Coccidioidomycosis." (*Id.*)

12      Significantly, this case has not been scheduled by the Court, and there are no deadlines pending.
13  Although Plaintiff has filed an administrative claim against the Government, Plaintiff places the
14  responsibility for the implementation of preventative measures at Taft Correctional Institution on MTC
15  in his complaint. Further, it is unclear whether a claim may proceed against the Government in this
16  action, given this Court's ruling in *Edison*.

17      Defendant has not identified any hardship MTC face *at this time* in being required to go forward
18  in this action. Rather all harm identified is speculative *if* the Government is added as a defendant and *if*
19  the Court determines—contrary to its recent holding in *Edison*—that a claim against the Government
20  may proceed. Simply put, there is no showing that these harms are likely to occur. Moreover, stays of
21  an indefinite period of time, as is requested here, are disfavored. *Yong v. INS*, 208 F.3d 1116, 1119 (9th
22  Cir. 2000); *see also Dependable Highway Exp, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67b
23  (9th Cir. 2007). Thus, at this time, it is in the interest of the course of justice for the action to proceed.
24  ///
25  ///
26  ///
27  ///
28  ///

4

**IV.    Conclusion**

Defendant has not set forth "a clear case of hardship" if the action were to proceed, and the factors set forth by the Ninth Circuit in *CMAX, Inc.* and *Molinaro* weigh in favor of the action proceeding without the entry of a stay.  Accordingly, **IT IS HEREBY ORDERED**: Defendant's motion to stay the proceedings (Doc. 14) is **DENIED without prejudice**.

IT IS SO ORDERED.

Dated:   **November 13, 2013**              **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE

5